IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JACK DOWDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:04-CV-232 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**

Pending before the court is the Defendant's motion to dismiss or for summary judgment (docket entry #9). Having considered the Defendant's motion, the Plaintiff's response (docket entry #12) and the Defendant's reply thereto (docket entry #13), the court is of the opinion that the Defendant's motion for summary judgment should be granted.

**BACKGROUND**

The Plaintiff ("Dowdy") was involved in the operation of U.S. Stone, Inc., U.S. Rock, LLC and BCI Utility Construction, Inc. Def. Mtn. for Summary Judgment, p. 1. On November 2, 2001, the Internal Revenue Service ("IRS") sent Letter 1153 to Dowdy, explaining to Dowdy that U.S. Rock, LLC owed unpaid employment taxes and that the IRS intended to assess a penalty against Dowdy for the same. Def. Mtn. for Summary Judgment, Exh. A, p. 1. On May 31, 2002, the IRS sent Letter 1153 to Dowdy, explaining to Dowdy that U.S. Stone, Inc. owed unpaid employment taxes and that the IRS intended to assess a penalty against Dowdy for the same. Def. Mtn. for Summary Judgment, Exh. B, p. 1. On August 2, 2002, the IRS sent Letter 1153 to Dowdy,

explaining to Dowdy that BCI Utility Construction, Inc. owed unpaid employment taxes and that the IRS intended to assess a penalty against Dowdy for the same. Def. Mtn. for Summary Judgment, Exh. C, p. 1. In this letter, the IRS explained the penalty as follows:

> Under the provisions of Internal Revenue Code section 6672, individuals who were required to collect, account for, and pay over these taxes for the business may be personally liable for a penalty if the business doesn't pay the taxes. These taxes, described in the enclosed Form 2751, consist of employment taxes you withheld (or should have withheld) from the employees' wages (and didn't pay) or excise taxes you collected (or should have collected) from patrons (and didn't pay), and are commonly referred to as "trust fund taxes."
>
> The penalty we propose to assess against you is a personal liability called the Trust Fund Recovery Penalty. It is equal to the unpaid trust fund taxes which the business still owes the government.

The IRS assessed Dowdy with a trust fund penalty for the employment tax liabilities of U.S. Stone, Inc., U.S. Rock, LLC and BCI Utility Construction, Inc. as follows:

| TAX PERIOD | AMOUNT OWED |
| --- | --- |
| June 2000 | $372,232.52 |
| September 2000 | $315,650.11 |
| December 2000 | $284,885.38 |
| March 2001 | $153,727.28 |
| June 2001 | $105,924.05 |

Def. Mtn. for Summary Judgment, Exh. D (Form 4340). However, Dowdy did not voluntarily pay the penalties. Accordingly, on April 30, 2003, the IRS sent to Dowdy a "Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320." Def. Mtn. for Summary Judgment, Exh. E, p. 1. In the notice, Dowdy was advised that the IRS filed a Notice of Federal Tax Lien on April 25, 2003 because Dowdy owed the following:

| TAX PERIOD ENDING | AMOUNT OWED |
|---|---|
| June 30, 2000 | $372,234.23 |
| September 30, 2000 | $320,375.11 |
| December 31, 2000 | $284,885.38 |
| March 31, 2001 | $153,727.28 |
| June 30, 2001 | $105,924.05 |

The notice further advised Dowdy that he had the right to request a hearing to appeal the collection action.

Dowdy asserted his right to appeal and requested a collection due process hearing with IRS Appeals. Def. Mtn. for Summary Judgment, p. 2. A collection due process hearing was conducted on October 30, 2003. *Id*. On February 17, 2004, the IRS issued its "Notice of Determination Concerning Collection Action(s) under Section 6320 and / or 6330." Pl. Compl., Exh. A. In the Notice of Determination, the IRS issued the following summary of determination:

> Notice of Federal Tax Lien is sustained. No error was found on the part of the government. No relief was given to the taxpayer. It is our determination that the lien action by the Government is appropriate as it balances the Government's need to efficiently collect the unpaid tax liabilities with taxpayer concern that the collection action be no more intrusive than necessary.

*Id*. Additionally, the IRS issued the following summary and recommendation:

> Given the facts and circumstances of the case, is the government's filing of the Notice of Federal Tax Lien for civil penalty tax quarters ending June 30, 2000, September 30, 2000, December 31, 2000, March 31, 2001 and June 30, 2001 reasonable and efficient?
>
> Yes.
>
> Additionally, is there an alternative method of collection available to the taxpayer that would be less intrusive and still allow the government to collect the greater of the full amount owed or the taxpayer's reasonable collection potential?

No.

In my opinion, there is not an alternative to the lien action that would be less intrusive to the taxpayer and still allow the government to collect tax liabilities for civil penalty tax quarters ending June 30, 2000, September 30, 2000, December 31, 2000, March 31, 2001 and June 30, 2001. The Notice of Federal Tax Lien should be sustained. No agreement could be reached. Taxpayer is not in full compliance at this time.

- - - - - - - - - - - - - - - - -

### DISCUSSION AND ANALYSIS

**Legal and Procedural Requirements:**

A review of the administrative file indicates that statutory and administrative requirements that needed to be met with respect to the filing of the Notice of Federal Tax Lien were in fact met in this case. Appeals found no error by the government. Taxpayers [sic] did not submit any factual evidence for consideration or raise any legal or procedural issues.

- - - - - - - - - - - - - - - - -

**Prior to the consideration of the issues raised and the hearings conducted, the Settlement Officer had no prior involvement with respect to the subject liabilities.**

**Issues Raised by the Taxpayer:**

- The Primary issue in this case was the filing of the Notice of Federal Tax Lien. Per POA [power of attorney] his client did not receive adequate notice of the assessments against his client.

  During a hearing held it was determined that the appropriate notices were issued prior to assessment and taxpayer chose not to appeal those notices. Per taxpayer / POA there was enough equity in assets to full [sic] pay the liability. However, it was discovered that a surety company took over the company and its assets in which no longer were a part of the company in which Mr. Dowdy owned. Once the Surety Company took over since there was no lien filed at that time the surety company was not liable for paying over any taxes owed prior to taking over Mr. Dowdy's business. This was finally understood by POA.

> Since Mr. Dowdy is not in full compliance there was not much I could do for him at this time. POA understood this and agreed that the only recourse was to issue a determination letter.
>
> **The taxpayer raised no other issues. No question of spousal relief arose.**
>
> **<u>Balancing Efficient Tax Collection With Taxpayer's Concerns of Intrusiveness:</u>**
>
> Taxpayer did not propose an acceptable alternative to the Notice of Federal Tax Lien. Alternative methods could not be reached at this time since taxpayer is not in full compliance. Accordingly, it is determined that the Notice of Federal Tax Lien is appropriate and the only acceptable alternative, that better balances the Government's need to efficiently collect the remaining balance due with the taxpayers' concerns of intrusiveness.

Pl. Compl., Exh. A.

Dowdy subsequently appealed the collection due process hearing determination to this court. On March 14, 2005, the Defendant (the "United States") filed its motion to dismiss or for summary judgment. The parties agree that the sole issue pending before the court is whether IRS Appeals abused its discretion when it sustained an IRS lien filed against the Plaintiff's assets.

## <u>LEGAL STANDARD</u>

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey*

*Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id.* at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

### 1.    LEGAL STANDARD FOR COLLECTION DUE PROCESS REVIEW

"Section 6321 of Title 26 of the United States Code provides that, '[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States.' Similarly, if a person neglects or refuses to pay such tax within ten days after notice and demand for payment, the Secretary may collect such tax by levy upon property belonging to the taxpayer."

*Abu-Awad v. United States*, 294 F.Supp.2d 879, 885 (S.D. Tex. 2003), quoting *Roberts v. Commissioner of Internal Revenue*, 329 F.3d 1224, 1227 (11th Cir. 2003) (citing 26 U.S.C. § 6331). "In the Internal Revenue Service Restructuring and Reform Act of 1998, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections

for taxpayers involved in tax collection matters." *Abu-Awad*, 294 F.Supp.2d at 885 (citations omitted). "Section 6330 generally provides that the IRS cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter in the form of an Appeals Office due process hearing, and, if dissatisfied, with judicial review of the administrative decision. *Id*. (citations omitted). "Under § 6330(a), a taxpayer receiving a Notice of Intent to Levy has thirty days in which to request an administrative [collection due process] hearing." *Id*. (citations omitted). "On January 18, 2002, regulations were enacted outlining the [collection due process] hearing process, which apply to all levy actions commencing on or after January 19, 1999." *Id*. (citation omitted).

"At the hearing, '[t]he appeals officer shall . . . obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.'" *Id*., citing 26 U.S.C. § 6330(c)(1) (remaining citations omitted). "With regard to issues that may be raised at the [collection due process] hearing, the statute provides:

**(2)    Issues at hearing. –**

    **(A)    In general. –** The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including –

        **(i)**    appropriate spousal defenses;

        **(ii)**    challenges to the appropriateness of collection actions; and

        **(iii)**    offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

    **(B)    Underlying liability. –** The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an

>     opportunity to dispute such tax liability."

*Id*. at 885-86, quoting 26 U.S.C. § 6330(c)(2).

"Hence, the validity of the underlying tax liability may be raised at the [collection due process] hearing only if the taxpayer 'did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.'" *Id*. at 886, quoting 26 U.S.C. § 6330(c)(2)(B) (remaining citations omitted). "'A 'notice of deficiency' is only required in situations where there is a deficiency (*e.g.* the amount of tax imposed by the IRS exceeds the amount of tax shown by the taxpayer on his return) and not in situations where, as here, a taxpayer fails to pay the amount of tax shown on the returns.'" *Id*., quoting *Jones v. Commissioner of Internal Revenue*, 338 F.3d 463, 466 (5th Cir. 2003); *accord Perez v. United States*, 312 F.3d 191, 196-97 (5th Cir. 2002). "'An opportunity to dispute a liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability.'" *Id*., quoting 26 C.F.R. § 301.6330-1(e)(A-E2).

"Pursuant to 26 U.S.C. § 6330(c)(3), the determination by the Appeals Officer at the conclusion of the administrative review process must take into consideration the following factors:

> '(A)  the verification [that the requirements of any applicable law or administrative procedure have been met];
>
> (B)  the issues raised [by the taxpayer]; and
>
> (C)  whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.'"

*Id*., quoting 26 U.S.C. § 6330(c)(3) (remaining citations omitted). "When a [collection due process] hearing is requested, the proposed levy action is suspended while the hearing and any appeals are

pending." *Id*. (citations omitted).

"The taxpayer may obtain judicial review of an adverse determination at the administrative level by appealing within thirty days of the decision to the Tax Court or to the district court (in the event the Tax Court does not have jurisdiction of the underlying tax liability.)" *Id*., citing 26 U.S.C. § 6330(d)(1) (remaining citations omitted). "Because the Tax Court does not have jurisdiction with respect to employment tax liability, the district court is the proper court in which to file a complaint contesting the assessment of employment taxes." *Id*. at 886-87 (citation omitted). "'[J]udicial review is limited to those issues *properly raised* during the collection due process hearing.'" *Id*. at 887 (citations omitted).

"Although § 6330(d) provides for judicial review of the IRS's administrative determination, it is silent as to the standard of review a district court should apply when a taxpayer appeals a Notice of Determination by the IRS Appeals Office." *Id*. (citation omitted). "The legislative history indicates, however, that if the validity of the underlying tax liability was properly at issue at the administrative hearing, then the review is *de novo*." *Id*. (citations omitted). "When the validity of the underlying tax assessment was not properly at issue at the [collection due process] hearing, but another issue within the scope of the administrative appeal process was raised and determined, the administrative determination is reviewed for an abuse of discretion." *Id*. (citations omitted).

"The Fifth Circuit equates the phrase 'abuse of discretion' with 'arbitrary and capricious,' and states that an abuse necessarily occurs where an act can only be described as 'clearly improper.'" *Siquieros v. United States*, 2004 WL 2011367, *4 (W.D. Tex. 2004) (citation omitted). "Under the abuse of discretion standard, a determination will be affirmed unless the court determines with a 'definite and firm conviction' that a clear error of judgment has been committed." *Id*. (citation

omitted).

**2. ANALYSIS**

Here, both Dowdy and the United States agree that this court should apply an abuse of discretion standard. Such agreement indicates that the underlying tax liability was not in dispute at the collection due process hearing. *See Siquieros*, 2004 WL 2011367 at *5.

In applying the abuse of discretion standard to collection due process determinations, the court considers the following factors:

(A) verification that the requirements of any applicable law or administrative procedures have been met;

(B) issues raised by the taxpayer; and

(C) whether any proposed collection balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."

*See Abu-Awad, supra.*; 26 U.S.C. § 6330(c)(3).

Here, factors (A) and (C) are not in contention. Dowdy's sole argument focuses on an issue raised at the collection due process hearing. According to Dowdy, a surety company, Mid-Continent Casualty, assumed control over Dowdy's business during the first quarter of 2001. Pl. Resp. to Mtn. for Summary Judgment, Exh. A, p. 1, ¶ 2. Dowdy avers that he demanded that Mid-Continent Casualty pay the employment tax liabilities which were owed; however, Mid-Continent Casualty refused to do so. Pl. Resp. to Mtn. for Summary Judgment, Exh. A, p. 2, ¶¶ 8 & 11. Accordingly, Dowdy asserts that he is not liable for the taxes owed; rather, Dowdy argues that Mid-Continent Casualty is the responsible party.[1]

---

[1] A challenge based on doubt as to liability is not synonymous with a challenge to the underlying liability. *See Siquieros*, 2004 WL 2011367 at *6.

"Under federal law, employers are required to withhold from their employees' paychecks their shares of federal social security taxes and income taxes." *Siquieros*, 2004 WL 2011367 at *6 (citations omitted). "The employer holds the withheld taxes 'in trust' for the United States and must pay them over to the government." *Id*. (citations omitted). "If the employer withholds the taxes but fails to remit them, the government must credit the employees for having paid the taxes and seek the unpaid funds from the employer." *Id*. (citation omitted). "Section 6672(a) imposes liability for the unremitted funds on any person who is required to collect, truthfully account for, and pay over the tax, who willfully fails to do so." *Id*., citing 26 U.S.C. § 6672(a).

"Any person facing liability under § 6672 is generally referred to as a 'responsible person.'" *Id*. (citation omitted). "The Fifth Circuit has taken a broad view as to who qualifies as a responsible person under § 6672." *Id*. (citations omitted). "Whether someone is a responsible person depends on the person's status, duty, and authority." *Id*. (citation omitted). "Section 6672 applies to any responsible person, not just the most responsible." *Id*. (citation omitted).

"Factors to consider as indicia of responsible person status include whether the person:

1. is an officer or member of the board of directors;
2. owns a substantial amount of stock in the company;
3. manages the day-to-day operations of the business;
4. has the authority to hire or fire employees;
5. makes decisions as to the disbursement of funds and payment of creditors; and
6. possesses the authority to sign company checks."

*Id*. at *7 (citation omitted). "No single factor is dispositive." *Id*. (citation omitted).

Dowdy argues that Mid-Continent Casualty is the responsible party under § 6672. Dowdy further argues that once Mid-Continent Casualty assumed control of his company, Dowdy lost check-signing authority as well as control over who was to be paid. Pl. Resp. to Mtn. for Summary Judgment, Exh. A, p. 2, ¶ 12.

Dowdy, however, does not present any evidence contradicting that he too was a responsible party for tax liability under § 6672. On the contrary, the evidence reflects that the majority of the unpaid employment taxes accrued prior to the time Mid-Continent Casualty assumed control over Dowdy's business. The issue before the court is not whether Mid-Continent Casualty is a responsible party; rather, the issue is whether Dowdy is a responsible party. Whether Mid-Continent Casualty is responsible for the unpaid employment taxes has no bearing on whether Dowdy is responsible as well. Dowdy's attempt to shift responsibility to Mid-Continent Casualty does not absolve Dowdy of his own responsibility for the unpaid employment taxes. Since Dowdy did not present any summary judgment evidence to the contrary, the court concludes that Dowdy is a responsible person for tax liability under § 6672. *See Siquieros*, 2004 WL 2011367 at *7. As such, the IRS Appeals did not abuse its discretion when it sustained an IRS lien filed against Dowdy's assets.

## CONCLUSION

The court hereby **GRANTS** the Defendant's motion for summary judgment (docket entry #9).

**SIGNED this the 22nd day of July, 2005.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE